IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FRANCIS M. NELSEN,** | 08-CV-1424-ST |
|     **Plaintiff,** | |
| | OPINION AND ORDER |
| v. | |
| **PRESTON M. GEREN, Secretary of the Army,** | |
|     **Defendant.** | |

**LYNN REIKO NAKAMOTO**
**ELIZABETH E. PUSKAR**
Markowitz Herbold Glade & Mehlhaf, PC
1211 S.W. Fifth Avenue
Suite 3000
Portland, OR 97204
(503) 295-3085

    Attorneys for Plaintiff

1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**JAMES E. COX**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

      Attorneys for Defendant

**BROWN, Judge.**

    On May 11, 2010, Magistrate Judge Janice M. Stewart issued a Minute Order (#37) granting Plaintiff Francis M. Nelson's Motion (#22) to Compel "as to Carrubba's two interim draft reports concerning her investigation of plaintiff's claims with the exception of any mental impressions, conclusions, opinions or legal theories of an attorney contained therein."  On May 25, 2010, Defendant Preston M. Green filed Objections (#41) to the Order.  The matter came before this Court pursuant to Federal Rule of Civil Procedure 72(a), and, to assist the Court in resolving the dispute, the Court conducted oral argument on August 2, 2010.

    In accordance with Rule 72(a), "[w]hen a pretrial matter *not dispositive of a party's claim or defense* is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written *order* stating the decision."  The standard of review for an order with objections is "clearly erroneous" or

2 - OPINION AND ORDER

"contrary to law."  *See also* 28 U.S.C. § 636(b)(1)(A)(applying the "clearly erroneous or contrary to law" standard of review for nondispositive motions).  If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under Title 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

On May 30, 2008, Plaintiff, an employee of the United States Army Corps of Engineers (USACE), filed a complaint with the USACE Equal Employment Opportunity (EEO) Office in which she alleged she had been subjected to sexual harassment and discrimination and a hostile work environment as well as retaliation for complaining about sexual harassment and discrimination.

On June 24, 2008, USACE Commanding Officer Colonel Steven Miles appointed Sheryl Carrubba as Investigating Officer "to evaluate the evidence of alleged gender discrimination or harassment" alleged by Plaintiff.  Decl. of Elizabeth E. Puskar Ex. 1 at 1.  Colonel Miles directed Carrubba "to determine whether there is credible evidence of discrimination . . . and to generally assess the working environment for women at the project . . . [and] focus on determining whether . . . misconduct has been committed by any federal employees."  *Id*.

3 - OPINION AND ORDER

Colonel Miles directed Carrubba to coordinate her investigative efforts with James Herald, an attorney with the Office of General Counsel. In September 2008 Carrubba created two draft interim reports in connection with her investigation.

On December 4, 2008, Plaintiff filed an action in this Court alleging she had been subjected to sexual discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e-5. On February 11, 2009, Defendant filed an Answer in which he asserted a *Faragher-Ellerth* affirmative defense that

> Defendant the Army, both at a national level and within the Portland District, exercised reasonable care to prevent any discriminatory conduct by its agents and employees, and Plaintiff failed to take full advantage of the Army's anti-discrimination policy, of which Plaintiff was fully aware. . . . Whenever Plaintiff complained to the Army of alleged improper conduct, the Army promptly took reasonable and appropriate action to end any such conduct that was occurring.

Answer at 5, ¶¶ 1, 3. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)(Employees may hold their employers vicariously liable for subjecting them to a hostile work environment created by other employees. An employer, however, may rebut the presumption of liability by showing "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior" and that the "employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm

4 - OPINION AND ORDER

otherwise.").

During discovery Plaintiff requested all documents related to any investigation by USACE into Plaintiff's allegations. Defendant provided Carrubba's handwritten notes, digital voice recordings of her investigatory interviews, various emails between Carrubba and other USACE employees, and a transcript of a portion of Carrubba's interview with Steve Rich, an employee at The Dallas Dam.  Defendants, however, refused to provide Plaintiff with copies of Carrubba's draft interim reports on the grounds of attorney work product because it contains Carrubba's mental impressions, opinions, and conclusions regarding the subject of the litigation.

On April 9, 2010, Plaintiff filed a Motion to Compel seeking, in pertinent part, copies of Carrubba's two draft interim reports.

On May 11, 2010, Magistrate Judge Stewart heard oral argument[1] on Plaintiff's Motion to Compel and entered a Minute Order "[g]ranting Plaintiff's Motion to Compel as to Carrubba's two interim draft reports concerning her investigation of plaintiff's claims with the exception of any mental impressions, conclusions, opinions or legal theories of an attorney contained therein."

---

[1] There is not any transcript or recording of this oral argument.

5 - OPINION AND ORDER

On May 25, 2010, Defendant filed Objections to the Magistrate Judge's Order.

## **DISCUSSION**

Plaintiff contends Defendant's assertion of the *Faragher/Ellerth* affirmative defense put Carrubba's investigation, including her two draft interim reports, at issue and, thereby, waived any work-product protection.  According to Plaintiff, therefore, this Court should affirm the Magistrate Judge's Order compelling production of these reports.  Moreover, Plaintiff notes she does not object to that portion of the Order in which Magistrate Judge Stewart denied Plaintiff's request for production of the parts of the draft interim reports that contain "any mental impressions, conclusions, opinions or legal theories of any attorney contained therein."

Defendant, in turn, contends Carrubba's two draft interim reports are protected from discovery by Federal Rule of Civil Procedure 26(b)(3), and Defendant maintains he did not waive that protection by asserting a *Faragher/Ellerth* defense.

Federal Rule of Civil Procedure 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be

6 - OPINION AND ORDER

>  admissible at the trial if the discovery appears
>  reasonably calculated to lead to the discovery of
>  admissible evidence.

Rule 26(b)(3) provides in pertinent part:

>  (A)  Documents and Tangible Things.  Ordinarily, a
>  party may not discover documents and tangible
>  things that are prepared in anticipation of
>  litigation or for trial by or for another party or
>  its representative (including the other party's
>  attorney, consultant, surety, indemnitor, insurer,
>  or agent).  But, subject to Rule 26(b)(4), those
>  materials may be discovered if:
>
>  >  (I)  they are otherwise discoverable under
>  >  Rule 26(b)(1); and
>  >
>  >  (ii) the party shows that it has substantial
>  >  need for the materials to prepare its case
>  >  and cannot, without undue hardship, obtain
>  >  their substantial equivalent by other means.
>
>  (B)  Protection Against Disclosure.  If the court
>  orders discovery of those materials, it must
>  protect against disclosure of the mental
>  impressions, conclusions, opinions, or legal
>  theories of a party's attorney or other
>  representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A) and (B).

**I.  Carrubba's interim reports are work product under Rule 26(b)(3).**

Carrubba is not an attorney.  Nevertheless, Rule 26(b)(3) protects from discovery documents that are prepared in anticipation of litigation by a party or "its representative," which includes individuals other than attorneys.  For example, in *Fuller v. Chertoff*, No. CV05-1308RSM, 2006 WL 1727902, at *2 (W.D. Wash. June 21, 2006), the court concluded Linda Barnett, an Equal Employment Opportunity employee of the Bureau of Customs

7 - OPINION AND ORDER

and Border Patrol (CBP), was a representative of the CBP for purposes of Rule 26(b)(3) work-product protection. The court noted Barnett

> is a party representative, and her job is to provide advice to CBP management concerning EEO complaints . . . [and] when a complaint is filed with an agency EEO office, it has to follow that the work done thereafter is done in anticipation of any litigation that would follow if the claim was not administratively resolved.

*Id*. (quotation omitted). The court noted the documents sought by the plaintiff were notes regarding Barnett's conversation with the plaintiff's former supervisor and were an "analysis of [the plaintiff's] claims." *Id*. The court concluded the documents at issue were protected by work product pursuant to Rule 26(b)(3). In addition, because the plaintiff had not shown a substantial need for the documents or an inability to obtain the documents without undue hardship, the court held the documents were not otherwise discoverable under Rule 26(b)(3)(A)(ii) and denied the plaintiff's motion to compel as to those documents. *Id*. *See also Hertzberg v. Veneman*, 273 F. Supp. 2d 67,76 (D.D.C. 2003) ("By its own terms, then, the work product privilege [under Rule 26(b)(3)] covers materials prepared by or for any party or by or for its representative; they need not be prepared by an attorney or even for an attorney. *See id.* While the 'work product' may be, and often is, that of an attorney, the concept of 'work product' is not confined to information or materials gathered or

8 - OPINION AND ORDER

assembled by a lawyer.").

Here James Herald testifies in his Declaration that he knew Plaintiff's EEO complaint "is a short series of steps away from formal court ligitation," and, therefore, he "initiated and participated in the process that resulted in Colonel Steven Miles . . . appointing Sheryl Carrubba to investigate Plaintiff's allegations of sexual harassment." Decl. of James Herald at ¶¶ 4-5. As noted, "when a complaint is filed with an agency EEO office, it has to follow that the work done thereafter is done in anticipation of any litigation that would follow if the claim was not administratively resolved."

On this record, the Court concludes Carrubba's draft interim reports were prepared by a representative of Defendant in anticipation of litigation, and, therefore, they are work product protected generally by Rule 26(b)(3).

## II.  Waiver

Even though Carrubba's draft interim reports are work product generally protected under Rule 26(b)(3), Plaintiff contends Defendant waived the work-product protection for these documents by asserting a *Faragher-Ellerth* defense. Plaintiff cites a number of cases to support her contention. Those cases establish assertion of a *Faragher-Ellerth* defense does not waive work-product protection for "core" work product; *i.e.*, "the mental impressions, conclusions, opinions, or legal theories of a

9 - OPINION AND ORDER

party's attorney or other representative concerning the litigation."  *See, e.g., Walker v. County of Contra Costa*, 227 F.R.D. 529, 536 (N.D. Cal. 2005)("[I]n ordering discovery of such work product[,] the court must 'protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.'").

Here, as noted, Defendant contends portions of the Carrubba draft interim reports contain Carrubba's mental impressions, conclusions, or opinions, and they are protected as core work product because Carrubba is a "representative of a party." Defendant, however, does not cite any case in which a court has concluded the mental impressions, conclusions, or opinions of a party representative who is not an attorney are protected core work product.  For example, Defendant relies on *Peterson v. Wallace Computer Services, Inc*.  In that case, however, the court did not conclude internal investigation notes and memoranda drafted by the defendant's director of human resources, who was not an attorney, were protected as core work product.  984 F. Supp. 821, 826-27 (D. Vt. 1997).  In fact, the court required the Magistrate Judge to conduct an *in camera* review of the investigation notes and memoranda solely "to protect against the disclosure of the mental impressions, conclusions, opinions or legal theories of [the defendant's] attorneys."  *Id*.  Thus, in

10 - OPINION AND ORDER

the absence of authority from the Ninth Circuit establishing the mental impressions, conclusions, or opinions of a party representative who is not an attorney may be protected as core work product, the Court concludes the portions of Carrubba's interim reports that contain her mental impressions, conclusions, or opinions are not shielded from discovery as core work product under Rule 26(b)(3).

Accordingly, the Court **AFFIRMS** Magistrate Judge Stewart's Order as follows:  The Court **GRANTS** Plaintiff's Motion to Compel as to Carrubba's two interim draft reports concerning her investigation of Plaintiff's EEO claims with the exception of any mental impressions, conclusions, opinions, or legal theories of Defendant's attorney(s) that may appear in Carrubba's draft interim reports.

## CONCLUSION

For these reasons, the Court **AFFIRMS** Magistrate Judge Stewart's Order (#37) as follows:  The Court **GRANTS** Plaintiff's Motion (#22) to Compel as to Carrubba's two interim draft reports concerning her investigation of Plaintiff's EEO claims with the exception of any mental impressions, conclusions, or opinions of Carrubba or any mental impressions, conclusions, opinions, or legal theories of Defendant's attorney(s) that may appear in Carrubba's draft interim reports.  The Court directs Defendant to

produce the required discovery no later than September 2, 2010.

IT IS SO ORDERED.

DATED this 27th day of August, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District

12 - OPINION AND ORDER