IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


FRANCIS M. NELSEN,                    3:08-CV-1424-ST

    Plaintiff,                    ORDER

v.

JOHN McHUGH, Secretary of the
Army,

    Defendant.


BROWN, Judge.

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#97) on April 5, 2011, in which she recommended the Court grant in part and deny in part Defendant John McHugh's Motion (#61) for Summary Judgment. Defendant filed timely Objections (#105) to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    For the reasons that follow, the Court **ADOPTS** Magistrate

1 - ORDER

Judge Stewart's Findings and Recommendation.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). For those portions of the Findings and Recommendation to which the parties do not object, the Court is relieved of its obligation to review the record *de novo* as to this portion of the Findings and Recommendation. *Reyna-Tapia*, 328 F.3d at 1121.

## BACKGROUND

On December 5, 2008, Plaintiff filed her Complaint seeking redress for alleged discrimination and retaliation by her employer, the U.S. Army Corps of Engineers, while she worked at the Dalles Dam. In her Complaint Plaintiff asserts the following two claims against Defendant under Title VII to the Civil Rights Act of 1964, 42 U.S.C. § 2000e: (1) two counts of unlawful sex discrimination for hostile work environment (Count 1) and disparate treatment (Count 2); and (2) unlawful retaliation against Plaintiff for opposing Defendant's unlawful employment practices.

On November 1, 2010, Defendant filed his Motion for Summary

Judgment as to each of Plaintiff's claims.

On April 5, 2011, the Magistrate Judge issued Findings and Recommendation in which she recommends the Court grant in part and deny in part Defendant's Motion for Summary Judgment as follows: (1) grant Defendant's Motion as to Count One of Plaintiff's First Claim for hostile work environment claim in its entirety; (2) grant in part Defendant's Motion as to Count Two of Plaintiff's First Claim for disparate treatment as to Plaintiff's allegations of a lack of job recognition, unwarranted discipline, non-selection for the position of rigger at the John Day dam, a lack of informal training, and denial of deployment opportunities, but to deny the remainder of Defendant's Motion as to Plaintiff's other allegations of disparate treatment under Count Two; and (3) to grant in part Defendant's Motion as to Plaintiff's Second Claim for retaliation as to Plaintiff's allegations of unwarranted performance evaluations in 2008 and 2009, improper documentation of her medical leave status, an incident of misdirected pay in May 2007, denial of promotion to the position of rigger at the John Day dam, reassignment to menial tasks, and denial of informal training, but to deny the remainder of Defendant's Motion as to Plaintiff's other allegations of retaliation after her March 2007 discrimination complaint.

On May 11, 2011, Defendant filed timely Objections to the

3 - ORDER

Findings and Recommendation.

## STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States,* 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.*

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.,* 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.,* 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598

4 - ORDER

(9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1987)). *See also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

The Ninth Circuit "require[s] very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can be resolved through a searching inquiry-one that is most appropriately conducted by the fact-finder, upon a full record." *Schnidrig v. Columbia machine, Inc.*, 80 F.3d 1406, 1410 (9th Cir.)(citations omitted), *cert. denied*, 519 U.S. 927 (1996).

5 - ORDER

## DISCUSSION

Neither party raises any objection to that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court grant Defendant's Motion as to Count One of Plaintiff's First Claim sex discrimination based on hostile work environment. Defendant, however, objects to the Magistrate Judge's recommendation to deny in part Defendant's Motion as to Count Two of Plaintiff's First Claim for disparate treatment and as to Plaintiff's Second Claim for retaliation. Specifically, as to Plaintiff's First Claim for disparate treatment, Defendant objects to the Magistrate Judge's recommendation to deny Defendant's Motion as to: (1) Plaintiff's claim of denial of formal training opportunities, (2) Plaintiff's claim of denial of overtime, and (3) Plaintiff's claim of non-selection for the position of rigger at the Dalles Dam. As to Plaintiff's Second Claim for retaliation, Defendant objects to the Magistrate Judge's recommendation to deny Defendant's Motion as to: (1) Plaintiff's claim of denial of formal training opportunities, (2) Plaintiff's claim of informal counseling, (3) Plaintiff's claim of non-selection for the Dalles Dam rigger position, and (4) Plaintiff's claim that her supervisor intentionally injured her by improperly running over a fire hose she was operating with his vehicle.

I.  **Plaintiff's First Claim of Disparate Treatment.**

As noted, Defendant objects to the Magistrate Judge's recommendation to deny Defendant's Motion as to Count Two of Plaintiff's First Claim for disparate treatment arising from Plaintiff's allegations of denial of formal training opportunities, denial of overtime opportunities, and non-selection to the rigger position at the Dalles Dam.

A.  **Denial of Formal Training.**

As noted, the Magistrate Judge recommends the Court grant Defendant's Motion as to Plaintiff's allegation that she was denied informal training opportunities but recommends the Court deny the Motion with respect to Plaintiff's allegation that she was denied all but one of her requests for formal training in such skills as rigging and welding.

In order to make a *prima facie* case of disparate treatment under Title VII, a Plaintiff must offer proof:

> (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff.

*Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028.  An adverse employment action is one that " "constitutes a significant change in employment status, such as hiring, firing,

7 - ORDER

failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, (1998).

Defendant contends Plaintiff has failed to make a *prima facie* claim of disparate treatment on the basis of her allegation of denial of formal training because she has not shown such a denial is an adverse employment action nor that Defendant treated other employees differently from Plaintiff.

As the Magistrate Judge noted, denial of training may be an adverse employment action. *See Freedman v. MCI Telecomm. Corp.*, 255 F.3d 840, 845 (D.C. Cir. 2001). In general, the denial of training must result in some tangible harm to the plaintiff. *See Hess v. Multnomah County*, 216 F.Supp 2d 1140, 1154 (D. Or. 2001)(Plaintiff "offered no evidence that any of the training she was denied would have resulted in a promotion or led to a salary increase."). *See also Everson v. Medlantic Healthcare Group,* 414 F.Supp. 2d 77, 84 (D.D.C. 2006). Here, for example, Defendant has asserted that the reason Plaintiff was not selected for the promotion to the position of rigger at the Dalles Dam was because she did not have formal welding training and the male candidate whom Defendant selected had a welding certification. Thus, Plaintiff has provided sufficient evidence on this record to show that the denial of formal training by Defendant was an impediment

8 - ORDER

to a promotion and is, thus, sufficient on this record to constitute an adverse employment action.

As to Defendant's contention that Plaintiff did not show that men were treated differently with respect to formal training opportunities, the Court disagrees. One of Plaintiff's supervisors, Art Kunigel, admitted he told Plaintiff that he had to treat her differently to avoid the perception by the other members of his crew (who were all male) that he treated Plaintiff favorably because he was in a sexual relationship with Plaintiff. This evidence is sufficient to state a *prima facie* case of disparate treatment.

Defendant also argues that Plaintiff has not provided sufficient evidence to show that Defendant's asserted non-discriminatory reason for not providing Plaintiff formal training is mere pretext. Under the Title VII *McDonnell-Douglas* burden-shifting framework, after a plaintiff has made a *prima facie* showing of retaliation and a defendant has proffered a legitimate, nondiscriminatory basis for its actions, the plaintiff must show discrimination was more than likely the defendant's motivation or that the defendant's proffered explanation is not entitled to credence. *See Cornwell*, 439 F.3d at 1028.

Defendant asserts it did not provide Plaintiff formal training because new safety regulations enacted in 2008 limited

9 - ORDER

the amount of rigging that non-rigging employees could perform. Plaintiff counters that the Magistrate Judge correctly concluded that such safety regulations might limit the on-the-job, informal training Defendant could provide to Plaintiff, a non-rigger, but it does not explain Defendant's decision not to provide Plaintiff with formal rigging training. In addition, Plaintiff attested that Defendant did not enforce such safety regulations and that she continued to perform some rigging duties after 2008. In addition, the Court notes such safety regulations could, in fact, be an incentive for Defendant to train Plaintiff formally to be a rigger or a welder because Defendant often relied on her to assist with rigging and welding duties. In any event, when considered in light of Kunigel's statement that he treated Plaintiff differently to avoid the perception that he favored Plaintiff, Plaintiff has presented sufficient evidence on this record to undermine Defendant's asserted non-discriminatory basis for denying Plaintiff formal training opportunities.

### B.  Denial of Overtime.

Defendant also objects to the Magistrate Judge's recommendation that the Court deny Defendant's Motion as to Plaintiff's claim of disparate treatment based on Defendant's denial of overtime to Plaintiff in March 2009.

At summary judgment, Defendant stated it did not use Plaintiff for overtime on certain occasions because Plaintiff's

10 - ORDER

skills, which were as a non-craft position of utility worker, were not always required. Defendant points to the testimony of Kunigel that he often did not need Plaintiff's skills and could not justify paying her overtime wages in such situations. Defendant contends Plaintiff has not shown that this nondiscriminatory basis for not utilizing Plaintiff for certain overtime shifts is a pretext for discrimination.

Plaintiff attested Kunigel would not permit her to work overtime and sent her home early form a "mandatory" overtime period in March 2009. Plaintiff points to testimony by Stephen Rich, the rigger and "working foreman" on the same "structural" crew as Plaintiff. Rich attested Kunigel struck Plaintiff's name on multiple occasions from the list of volunteers for overtime work. In particular, Rich recalled a weekend in March 2009 during what Defendant terms a "Navlock," a time when it was customary for all members of the crew to work overtime through the Navlock period. Rich attested Kunigel directed Rich to send Plaintiff home after less than half of the scheduled overtime had elapsed while the rest of the crew remained working the full schedule. When considered in light of Kunigel's statement that he treated Plaintiff different than others to avoid any appearance of impropriety, Plaintiff has provided sufficient evidence to show Defendant's nondiscriminatory reason for cutting her overtime was pretextual.

11 - ORDER

### C. Non-Selection to the Rigger Position.

Defendant also objects to the Magistrate Judge's recommendation to deny Defendant's Motion as to Plaintiff's allegation of disparate treatment on the basis of her non-selection for the temporary rigger position at the Dalles Dam. Specifically, Defendant contends Plaintiff did not provide sufficient evidence to show Defendant's asserted nondiscriminatory basis for selecting another candidate was pretextual. Defendant maintains it lawfully chose a better qualified male candidate for the rigger position, "particularly" as Rich attested, based on the fact that the male candidate had a "prior welding certificate."

In support of her recommendation, the Magistrate Judge noted:

> Nelsen's "subjective personal judgments of her competence alone do not raise a genuine issue of material fact." *Bradley v. Harcourt, Brace and Co.*, 104 F3d 267, 270 (9th Cir 1996), citing *Schuler v. Chronicle Broadcasting Co., Inc.* 793 F2d 1010, 1011 (9th Cir 1986). However, Nelsen provides some objective evidence of her competence compared to Harris, including her undisputed on-the-job welding and rigging experience. In addition, Rich confirms that Nelsen knew how to signal crane operators, which is a "necessary function of a rigger." Rich Depo., p. 75. Moreover, Rich acknowledged that Harris had a record of personality issues that at one point was a concern, though he had improved. *Id*, p. 76.

F&R at 41.

12 - ORDER

Plaintiff points out the Magistrate Judge found several bases in the record to undermine Defendant's explanation for not selecting Plaintiff for the position:  (1) Plaintiff had more relevant welding experience with the "cavitation" welding required at the Dalles Dam, (2) Plaintiff had more relevant on-the-job rigging training, (3) Plaintiff knew how to signal crane operators and, in fact, had to train the man Defendant selected to perform proper crane signals, (4) although Rich said the male candidate's welding certificate was a "particular" basis for not selecting Plaintiff, the record contains conflicting statements about whether the male candidate actually had a welding certificate when Defendant hired him, and (5) the structural crew already had a dedicated welder.  The Court concludes this evidence is sufficient to show Defendant's reasons for not selecting Plaintiff for the temporary rigging position at the Dalles Dam are not entitled to credence.

Accordingly, on this record the Court finds Defendant's Objections are not sufficient bases to modify the Findings and Recommendation as to Plaintiff's Claim for disparate treatment.

## II.   Plaintiff's Second Claim for Retaliation.

As noted, Defendant objects to the Magistrate Judge's recommendation to deny Defendant's Motion as to Plaintiff's Second Claim for retaliation against Plaintiff in the form of denial of formal training opportunities, improper informal

13 - ORDER

counseling, non-selection to the rigger position at the Dalles Dam, and intentionally endangering Plaintiff by running over a fire hose she was operating.

### A.   Denial of Formal Training.

Defendant repeats the same argument as with Plaintiff's disparate treatment claim that the denial of formal training opportunities is not an adverse employment action. Plaintiff points out the standard for proof of an adverse employment action is less exacting for a retaliation claim, requiring only that the action be "reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1242-43 (9th Cir. 2000). *See also Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Accordingly, the Court finds Plaintiff satisfied this *prima facie* element of her retaliation based on the Court's analysis set out above.

Defendant also contends Plaintiff failed to meet her burden to show a causal connection between her reports of discrimination and sexual harassment and Defendant's denial of Plaintiff's requests for formal training. As the Magistrate Judge noted, the Ninth Circuit has held "when adverse employment decisions are taken within a reasonable period of time after the complaints of discrimination have been made, retaliatory intent may be inferred." *Passantino v. Johnson & Johnson Consumer Prods. Inc.*, 212 F.3d 493, 507 (9th Cir. 2000)("[W]e have held that evidence

14 - ORDER

based on timing can be sufficient to let the issue go to the jury, even in the face of alternative reasons proffered by the defendant."). The Ninth Circuit has found proximity of a few months to be sufficient to establish an inference of causation, but has declined to find causation when as much as a year and a half elapsed between the protected activity and the adverse employment action. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity," but 18 months was too long to infer causation). *See also Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)(causation could be inferred when an adverse employment action took place less than three months after protected activity); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)(timing alone is insufficient to support a claim of retaliation when almost two years had passed between the protected activity and the adverse employment action).

The record reflects Plaintiff made complaints to her supervisors in September 2007 and filed an EEO complaint in November 2007. Plaintiff testified she made numerous requests to her supervisors for formal training, and both Rich and Kunigel attested Plaintiff sought additional training opportunities. Defendant argues Plaintiff did not provide any evidence of the timing of her alleged multiple requests for formal training.

15 - ORDER

Plaintiff, however, filed with her Response to Defendant's Objections the Declaration of Jeffrey M. Edelson, which supplements the record with Plaintiff's performance reviews from March 2008 and 2009 in which she requested training. In addition, it is undisputed that Plaintiff received significant on-the-job training before March 2008. In the light most favorable to the Plaintiff, there is sufficient evidence that Defendant denied Plaintiff's requests for formal training within several months of Plaintiff's complaints to her supervisors of unlawful discrimination and harassment.

Finally, although the Magistrate Judge concluded Defendant did not articulate a nonretaliatory basis for not providing Plaintiff with the requested training, Defendant now asserts its reason for not providing Plaintiff with formal rigger or welding training is that Plaintiff is a utility worker, not a rigger or a welder. In any event, that reason is inconsistent with the record, which reflects Defendant, in fact, gave Plaintiff rigging and welding training (on-the-job and one instance of formal training) to improve her skills before 2008 while she was a utility worker.

### B. Informal Counseling.

Defendant does not offer any specific objection to the Magistrate Judge's recommendation that the Court deny Defendant's Motion as to Plaintiff's complaints of retaliation related to

16 - ORDER

several incidents of "informal counseling." Instead Defendant briefly reiterates arguments it made in its Motion for Summary Judgment in objection to the Magistrate Judge's conclusion that Plaintiff provided sufficient evidence of retaliation based on Defendant's use of "informal counseling" or "unwarranted discipline" against Plaintiff. The Magistrate Judge noted several incidents, supported by the record, that demonstrate Plaintiff received informal discipline for actions that her male counterparts were not disciplined for. F&R at 46-47, 50. The Court does not find any basis in the record for modifying the Magistrate Judge's recommendation.

### C.   Non-Selection to the Rigger Position.

Defendant merely repeats the objections it made to the Magistrate Judge's recommendation as to Plaintiff's disparate treatment claim based on non-selection to the rigger position. The Court does not find any basis for distinguishing the analysis, and, as it did with Plaintiff's disparate treatment claim above, the Court concludes Defendant's objections are not a basis for modifying the Findings and Recommendation.

### D.   Fire Hose Incident.

In Paragraph 14 of her Declaration in Support of her Response to Defendant's Motion for Summary Judgement, Plaintiff included the following recent allegation of retaliation that was not a part of her Complaint:

17 - ORDER

> The week of September 27, 2010, Kunigel
> assigned me to clean out drains on a spillway
> deck. The job required three lengths of fire
> hose to reach the water valve and to clean
> the debris.  I am a volunteer firefighter for
> the City of Dufur, Oregon, so I am familiar
> with how to handle fire hoses.  The hose
> could not be easily moved, and was in a
> position so that vehicles might have to run
> over it.  I know that, with Kunigel's
> experience, he would know that driving over
> the fire hose would cause a change in water
> pressure in the hose and therefore a
> potential handling problem for whoever was
> using the hose.  Moreover, it is established
> policy on the Project to wait for
> acknowledgement before driving past someone
> who is working on the deck.  The job took
> several days, and my co-workers at the
> Project who saw me working with the fire hose
> stopped and drove slowly over it after I had
> signaled them or had at least gotten my
> attention. Kunigel, however, made it a point
> to drive rapidly over the hose, and
> repeatedly.  This caused surging in the hose,
> which made it difficult for me to maintain
> control of it.  I saw Kunigel smiling, waving
> at me, and enjoying himself as he watched
> what happened, so I asked Rich, the crew
> foreman, to talk to Kunigel about slowing
> down when crossing the fire hose.  On the
> afternoon of September 29, 2010, Kunigel
> accelerated his Suburban over the first line
> of fire hose, causing the hose to whip back
> and forth.  He then sped over the second line
> of hose, causing another sudden pressure
> change in the hose.  The sudden jerking of
> the hose forcefully pulled my right arm and
> shoulder and caused a back injury.  Since
> that time, I have been off work and in pain
> because of the injury.  The fact that Kunigel
> deliberately injured me makes me afraid to
> return to the Project.

Although it does not appear that Defendant raised any objection to these allegations on Summary Judgment, Defendant now

18 - ORDER

objects to these allegations on the basis that it was not on notice of them during discovery.  Because the nature of these allegations is of such a different character than the other allegations in this case, Defendant contends it would prejudice Defendant to have to take this matter to trial without further discovery and an opportunity to file any necessary dispositive motions.

Plaintiff counters that Defendant's request is not a proper objection to the Findings and Recommendation but is instead a request for additional discovery.  Plaintiff contends Defendant should first confer with Plaintiff in accordance with Local Rule 7-1 and then, if the matter cannot be resolved, file the appropriate motion with the Magistrate Judge.

The Court agrees with Plaintiff's position and declines to construe Defendant's stated objection as a motion.  In any event, the Court concludes Defendant's objection is not a basis to modify the Findings and Recommendation.

In summary, the Court has performed a *de novo* review of the record in relation to each of the Objections raised by Defendant and concludes none of those Objections provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the legal principles relating to those portions of the Findings and Recommendation to which the parties did not object and does not find any legal error.

19 - ORDER

## CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#35). Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion (#61) for Summary Judgment as set out herein.

IT IS SO ORDERED.

DATED this 4th day of August, 2011.

_____
ANNA J. BROWN
United States District Judge

20 - ORDER